IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACQUELINE SMITH, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-2525 |
| | : | |
| SELECT PORTFOLIO SERVICING, INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

**BEETLESTONE, J.**                                                  JUNE 20, 2018

FILED JUN 21 2018 KATE BARKMAN, Clerk

Plaintiff Jacqueline Smith brings this civil action against Select Portfolio Servicing Inc. ("SPS") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), based on allegations that SPS failed to comply with that statute in attempting to collect a debt from her. *See* 15 U.S.C. § 1692(e). Smith seeks leave to proceed *in forma pauperis*. The Court will grant Smith leave to proceed *in forma pauperis* and dismiss the Complaint.

**I. FACTS**[1]

The Complaint indicates that Smith took out a mortgage on her home in 2005. The instant civil action is based on ten (10) letters that SPS sent to Smith between June 15, 2017 and May 15, 2018, in an effort to collect her mortgage debt on behalf of another entity. Smith acknowledges that all of the letters, which she describes as "subsequent communications" stated "This is an attempt to collect a debt. All information obtained will be used for that purpose." Nevertheless, she alleges that each letter violated the FDCPA by failing to inform her that the

---

[1] The following facts are taken from the Complaint. Although the Complaint references exhibits, Smith did not submit those exhibits with her Complaint.

1

"communication was from a debt collector." That is the only basis for Smith's Complaint. She seeks statutory damages in the amount of $10,000.

## II. STANDARD OF REVIEW

Smith is granted leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* As Smith is proceeding *pro se*, the Court construes their allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The FDCPA prohibits debt collectors from making false, deceptive, or misleading representations to collect a debt. *See* 15 U.S.C. § 1692e. The only provision relevant here is § 1692e(11), which essentially requires debt collectors to provide a "mini-*Miranda*" warning to consumers. *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 264 (3d Cir. 2013). Specifically, the statute provides that the following is considered a false, deceptive, or misleading means of collecting a debt:

> The failure to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, . . . .

15 U.S.C.A. § 1692e(11).

In the context of FDCPA claims, "communications from lenders to debtors [are analyzed] from the perspective of the 'least sophisticated debtor.'" *Lesher v. Law Offices Of Mitchell N.*

2

*Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011). The purpose of that standard is "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (quoting *United States v. Nat'l Fin. Servs.*, 98 F.3d 131, 136 (4th Cir. 1996)). However, "although this standard protects naive consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Wilson*, 225 F.3d at 354–55 (quoting *Nat'l Fin. Servs.*, 98 F.3d at 136). Courts have also held that a debt collector is not obligated to use "magic words" or track the language of the statute to comply with the law. *See, e.g., Dikeman v. Nat'l Educators, Inc.*, 81 F.3d 949, 952 (10th Cir. 1996) ("We also take note that § 1692e(11) does not place the required disclosure in quotation marks or set forth any specific required wording for the disclosure but merely defines what the content of the required disclosure will be."); *Shanker v. Fair Collection & Outsourcing, LLC*, No. CIV.A.3:09CV1759FLW, 2009 WL 1767580, at *4 (D.N.J. June 19, 2009) ("[C]ourts faced with similar challenges have not required 'magic words' or specific phrases to meet the strictures of 1692(e).").

Here, Smith alleges that each "subsequent communication" she received from SPS violated § 1692e(11). Her theory appears to be that, since the letters were subsequent communications rather than SPS's initial communication with her, SPS was required to explicitly state that it was a debt collector. For Smith, the language in the letters- -"This is an attempt to collect a debt. All information obtained will be used for that purpose"- -is allegedly insufficient to comply with the statute.

However, as noted above, SPS was not necessarily required to use specific language to comply with the law. Rather, SPS was required to make clear from the perspective of the least

3

sophisticated debtor that the communications were sent by a debt collector with the purpose of collecting a debt from Smith. By clearly stating that each communication was sent for the purpose of debt collection, SPS provided the warnings required to make clear it was acting as a debt collector in accordance with the FDCPA.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Smith's Complaint. As Smith cannot cure the defect in her claims, the Court concludes that amendment would be futile. An appropriate order follows, which shall be docketed separately.

BY THE COURT:

_____
WENDY BEETLESTONE, J.

6/21/18 mail:
Smith

ENT'D JUN 21 2018

---

[2] Indeed, Smith's Complaint appears to acknowledge that fact, as she alleges that SPS sent "several communications notifying [her] that [it] is a debt collector trying to collect a debt." (Compl. ECF No. 2 at 5, ¶¶ 10-11.)

4